**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAVIER GARCIA,**

    Petitioner,

v.                                        Case No.  8:03-cv-1788-T-30TBM

**UNITED STATES OF AMERICA,**

    Respondent.
_____

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 1), Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 2), the United States' Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 5), and Petitioner's Supplement to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1]  The Court, having considered the motion, supplement and memoranda, and being otherwise fully advised, finds that Petitioner's Motion should be denied.

Petitioner is an inmate in the federal penal system proceeding *pro se*.  On February 5, 2002, Petitioner was convicted by a jury of conspiracy to possess with intent to distribute

---

[1] On January 20, 2005, Magistrate Judge Thomas B. McCoun III, after a *sua sponte* review of the file, ordered that Petitioner had twenty (20) days to file a reply to the United States' response. As of today's date, Petitioner has failed to file a reply.

500 grams of methamphetamine in violation of 21 U.S.C. § 846 and § 841(b)(A)(viii). On April 23, 2002, the Court sentenced Petitioner to 188 months imprisonment as to Count One of the indictment with a term of five years of supervised release to follow Petitioner's imprisonment.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. Petitioner's appeal alleged that the Government failed to provide exculpatory material critical to the Petitioner's defense and that the Court improperly denied Petitioner's request for a judgment of acquittal. See Initial Brief of Appellant, United States v. Garcia, No. 02-12416-EE, 2002 WL 32162626 (11th Cir. July 17, 2002). The Eleventh Circuit affirmed Petitioner's conviction on November 20, 2002. See United States v. Garcia, No. 02-12416, 54 Fed.Appx. 691 (table), 2002 WL 31719481 (11th Cir. Nov. 20, 2002).

On August 22, 2003, Petitioner timely filed this § 2255 petition asserting the following claims for relief:

1. Petitioner's sentence is unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000);

2. Petitioner's sentence is unlawful because the co-defendants, who pleaded guilty, received significantly shorter sentences that the Petitioner;

3. The Court vindictively imposed a longer sentence on the Petitioner because he exercised his Constitutional right to trial by jury, and

4. Petitioner's counsel was ineffective when he failed to object to the sentence imposed based upon the sentencing disparity among the co-defendants and the

Court's vindictiveness against Petitioner for exercising his right to trial by jury.

In response to the Petition, the United States argues that Petitioner is not entitled to relief because he has procedurally defaulted these claims by not raising them during his direct appeal. The Government also asserts that Petitioner's claims are without merit.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

**Discussion**

Petitioner attacks his sentence on two main grounds. First, Petitioner argues that his sentence was unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005), because his sentence was enhanced from offense level 28 to offense level 36 by issues which were neither admitted nor found by a jury. Although it is not entirely clear from

his petition, Petitioner is apparently complaining about the quantity of methamphetamine used to calculate his offense level under the sentencing guidelines.

Petitioner's's first claim is without merit. The jury specifically found that the Petitioner's "offense as charged in Count One involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." See Verdict (Dkt. # 62). Pursuant to § 2D1.1(c)(2) of the sentencing guidelines, level 36 is the correct offense level for convictions involving at least 500 grams but less than 1.5 kilograms of methamphetamine. Moreover, Petitioner's sentence of 188 months was less than the 20 year maximum sentence permitted by 21 U.S.C. 841(b)(1)(c). Therefore, Petitioner's sentence does not run afoul of Apprendi, Blakely, or Booker.[2]

Second, Petitioner asserts that his sentence was unconstitutional because it was significantly longer than the sentence of his three co-defendants who plead guilty prior to going to trial. Petitioner also alleges that this longer sentence was imposed by the Court in retaliation for Petitioner exercising his constitutional right to a trial by jury and that his counsel was ineffective when he failed to object to the Court's alleged vindictiveness.

Petitioner's second claim is also without merit. The Eleventh Circuit has held that disparity between sentences imposed on co-defendants is generally not an appropriate basis for relief. United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001)(citing United States v. Chotas, 968 F.2d 1193, 1197-98 (11th Cir. 1992)); see also Blackmon v.

---

[2] The Eleventh Circuit has held that Booker is not retroactive to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2004).

Wainwright, 608 F.2d 183 (5th Cir. 1979)(defendant may not complain about a more severe sentence after trial without a showing of judicial vindictiveness or punitive action); United States v. Resnick, 483 F.2d 354, 358 (5th Cir. 1973)("[I]t stretches our credulity to think that one who declines to plead guilty with a recommended sentence acceptable to the Court should nevertheless be given the benefits of a bargain available to, but rejected by, him."). Here, Petitioner has failed to demonstrate that the Court's sentence was vindictively imposed. See Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988)(rejecting habeas petition of defendant who was sentenced to thirty years after pre-trial negotiations had been headed toward a term of probation). The Court notes that Petitioner's sentence was at the low end of the sentencing guidelines.

To establish a claim of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonable professional assistance, and (2) that Petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 697 (1984). Petitioner alleges that his counsel was ineffective when he failed to object to the Court's alleged vindictive sentence. As the Court noted above, there is no evidence that Petitioner's sentence was vindictively imposed. Therefore, Petitioner was not prejudiced by his counsel's failure to object to the sentence.

## Conclusion

Having reviewed the record, the arguments presented by the parties, applicable statutes, and controlling case law, the Court finds that Petitioner has failed to demonstrate that he is entitled to relief under § 2255.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 1) is DENIED.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record